On November 1, 1941, Thomas T. Cobb was by order of the circuit court appointed curator of the estate and guardian of the person of W.W. Coghill, an incompetent person, of Daytona Beach, Florida. The estate of the incompetent included many securities that were not legal investments for trust funds under the law of Florida.
In July, 1942, Loula F. Coghill, wife of the incompetent, filed her petition in the circuit court praying that the curator be required to convert all the non legal securities into those authorized for investment of trust funds in the State of Florida. The curator filed his answer to and motion to dismiss the petition. The motion to dismiss was granted and petitioner appealed.
The question presented is whether or not the curator was required to convert the non legal securities of the incompetent into those approved for investment of trust funds under the law of Florida. *Page 262 
It is admitted that there is no direct statutory provision in this State requiring the curator to change the investment in the manner contended but that it is a matter vested in the sound discretion of the curator. The court below approved this contention and under the facts revealed, we find no reason to reverse his decree. Chapter 17976, Acts of 1937, is the applicable Florida law and is not in conflict with this view. This view is concluded by Chapter 17949, Acts of 1937, Section 518.04, Florida Statutes of 1941.
The answer of the curator admitted all the allegations of the petition but in response alleged that there was no legal duty on his part to change the securities, that the non legals held by him were bearing a very high rate of income while the price of approved securities to substitute in their place was the lowest it had been for years, that the income on them was low and being so, it would not be to the interest of the estate to convert the securities.
The Court upheld this view and dismissed the petition without prejudice on the part of petitioner to renew it at any time it could be shown that the condition of the estate would be improved.
His decree was without error and is affirmed.
Affirmed.
BROWN, C. J., CHAPMAN and THOMAS, JJ., concur.